UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Helon DAWSON,<br><br>                          Plaintiff,<br><br>v.<br><br>Nathan MILLS,<br><br>                         Defendant. | Case No.: 16-cv-2925-BAS-AGS<br><br>**REPORT AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE** |

Plaintiff Helon Dawson has not participated in this suit, according to her counsel, since the May 2017 Early Neutral Evaluation. (*See* ECF No. 24, at 2 ("The last time I spoke to her was at the ENE on May 12, 2017."); ECF No. 28, at 1 (representing that counsel "still has been unable to contact his client by any means.").) Because of her non-participation and the resulting prejudice to defendant, this Court recommends that her case be dismissed for failure to prosecute.

## BACKGROUND

On May 15, 2017, the Court issued a scheduling order which set the end of discovery on November 10, 2017. (*See* ECF No. 17.) Only days before that deadline, on October 26, 2017, the parties filed a joint motion requesting a 90-day extension to the discovery cutoff because defendant had been unable to get any discovery from plaintiff because she was not participating. (*See* ECF No. 20.) The Court granted the extension. (*See* ECF No. 21.)

1

Defendant then filed a motion to compel answers to written discovery, which this Court granted on November 14, 2017, after Dawson's counsel again represented he was unable to locate her. (*See* ECF No. 25.) The Court provided Dawson until December 1, 2017, to respond and requested a status report from the parties explaining whether she had complied. (*Id.*) In that status report, plaintiff's counsel revealed that he still had not found Dawson, even after hiring a private investigator to track her down. So, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute. (*See* ECF No. 27.) Plaintiff's counsel responded that Dawson's whereabouts are still unknown, but he argued against the discovery sanction of dismissal as unduly harsh, instead requesting a stay of the case until she can be located.[1] (*See* ECF No. 28.) In any event, fact and expert discovery cutoffs are rapidly approaching again and defendant has not been able to receive even basic answers to written discovery nor has he been able to take Dawson's deposition.

## DISCUSSION

"The district court has the inherent power sua sponte to dismiss a case for lack of prosecution." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). In order to do so, there must be "unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (citation and quotation marks omitted). The Court must also consider the following factors to determine if a dismissal for failure to prosecute is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Id.* (citation and quotation marks omitted).

---

[1] Counsel appears to have misunderstood that the Court was also considering dismissal as a discovery sanction. (*But see* ECF No. 27 ("By December 13, 2017, plaintiff must show cause in writing why this Court should not recommend this case be dismissed for failure to prosecute.").) Because the Court does not recommend dismissal as a discovery sanction, it does not address that argument.

2

Here, there is unreasonable delay. The entire discovery schedule of the original case management order in this case has lapsed without any participation by Dawson herself. And most of the 90-day extension has passed as well, meaning that even if Dawson were to resume participating today, the Court would have to extend the dates in this case at least one more time to provide a meaningful opportunity for both sides to conduct discovery. This case should be nearing completion. Instead, due to Dawson's unexplained absence, it has barely begun.

Thus, the Court turns to the five *Omstead* factors below.

**1.    Public's Interest in Expeditious Resolution of Litigation**

"[T]he public interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amlifier*, 191 F.3d 983, 990 (9th Cir. 1999).

**2.    Court's Need to Manage its Docket**

This case has "come to a complete halt" as a result of Dawson's non-participation, and there is nothing to suggest that might change. *See Yourish*, 191 F.3d at 990. The Court's scheduling order has now been disrupted twice. Thus, the need for the Court to manage its docket also weighs in favor of dismissal. *See id.*

**3.    Risk of Prejudice to the Defendants**

"The law presumes injury from unreasonable delay," and thus the risk of prejudice to defendants also weighs in favor of dismissal. *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (citation omitted). Moreover, "the risk of prejudice to the defendant is related to the plaintiff's reason" for failing to timely participate in the litigation. *Yourish*, 191 F.3d at 991. Unlike the *Yourish* plaintiffs, who at least offered a "very poor reason for their default," Dawson has offered no reason at all for her absenteeism. *See id.*

**4.    Public Policy Favoring Disposition of Cases on Their Merits**

Public policy favors disposing of cases on their merits, and this factor weighs against dismissal. *But see Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the

3

16-cv-2925-BAS-AGS

responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.").

**5. Availability of Less Drastic Sanctions**

Since this Court has already attempted a less drastic sanction, this final factor also weighs in favor of dismissal. On November 14, 2017, this Court held: "Due to [Dawson's] failure to respond to this point, all objections—except privilege—have been waived." (ECF No. 25.) This discovery sanction had no effect on Dawson, as she continued her non-participation. The Court has also considered a monetary sanction, to encourage Dawson to participate fully in this litigation. But it appears that Dawson's financial situation is somewhat precarious, suggesting that a monetary sanction may have little effect.[2] *See In re Eisen*, 31 F.3d at 1455 ("We agree with the bankruptcy court that monetary sanctions in this case would not remedy Moneymaker's delay and would be ineffective considering Moneymaker's claim of financial hardship."). Finally, it is unclear how any lesser sanction would even be communicated to Dawson in a way to have the desired effect, given plaintiff's counsel's already impressive and noteworthy efforts to find her, without success.

## CONCLUSION

Seven months ago, Dawson walked out of court after the ENE and has not meaningfully participated in the litigation since. Weighing the various factors together, the Court recommends that Dawson's case be **DISMISSED** for failure to prosecute. Even if a lesser sanction could be fashioned in an effective manner, that recommendation would not change, because the first three factors weigh so heavily here.

The parties must filed any objections to this report by January 22, 2018. *See* Fed. R. Civ. P. 72(b)(2). A party may respond to any such objection within 14 days of being served

---

[2] The Court finds that a monetary sanction against plaintiff's counsel would be unjustified and inappropriate, as counsel was incredibly diligent in attempting to locate his client.

with it. *See id.* The parties are advised that failing to object within the specified time may waive the right to raise those objections on appeal. *See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: January 8, 2018

_____
Hon. Andrew G. Schopler
United States Magistrate Judge