# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELON DAWSON,<br><br>                Plaintiff,<br><br>  v.<br><br>NATHAN MILLS,<br><br>                Defendant. | Case No. 16-cv-02925-BAS-AGS<br><br>**ORDER:**<br><br>**(1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 30);**<br><br>**(2) ADOPTING REPORT AND RECOMMENDATION (ECF No. 29); AND**<br><br>**(3) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S ACTION** |

**I.  BACKGROUND**

Plaintiff Helon Dawson has not participated in this lawsuit for almost nine months. In fact, Plaintiff's counsel states that he has not spoken to his client since the May 12, 2017 Early Neutral Evaluation. (*See* ECF No. 24 at 2; ECF No. 28, at 1 (representing that counsel "still has been unable to contact his client by any means").) Last fall, Magistrate Judge Andrew G. Schopler granted multiple discovery deadline extensions after Plaintiff failed

to produce discovery and her counsel represented he was unable to locate his client, even after hiring a private investigator. (*See* ECF No. 25.) Finally, Judge Schopler issued an order to show cause as to why this case should be not dismissed for failure to prosecute. (*See* ECF No. 27.) Plaintiff's counsel responded, arguing that a stay was "more proportional and appropriate," even though he was still unable to contact his client "by any means." (ECF No. 28.)

On January 8, 2018, Magistrate Judge Schopler issued a Report and Recommendation ("R&R"), recommending that this case be dismissed for failure to prosecute. (ECF No. 29.) Plaintiff's counsel filed objections, stating that a stay would accomplish much of the same purpose. (*See* ECF No. 30.) For the reasons discuss below, this Court agrees with the magistrate judge and adopts the R&R in its entirety.

## II. LEGAL STANDARD

### A. Dismissal for Failure to Prosecute

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)); *accord Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). This inherent power exists independently of a district court's authority to dismiss an action under Federal Rule of Civil Procedure 41(b). *Link*, 370 U.S. at 630-32. "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

The circumstances in which a court may exercise its inherent power to dismiss an action include where a plaintiff has failed to prosecute the case, failed to comply with a court order, or engaged in judge shopping. *Link*, 370 U.S. at 630; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989–-90 (9th Cir. 1999); *Hernandez v. City of El Monte*, 138 F.3d 393, 399

(9th Cir. 1998). In determining whether to exercise this power, "the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (quoting *Henderson*, 779 F.2d at 1424, and *Thompson*, 782 F.2d 829 at 831) (internal quotation marks omitted). Although it is preferred, the district court is not required to "make explicit findings in order to show that it has considered these factors." *Ferdik*, 963 F.3d at 1261.

### B. Report and Recommendation

The Court reviews *de novo* those portions of a magistrate judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute [28 U.S.C. § 636(b)(1)(c)] makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. Pr. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge)."Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-cv-401-IEG, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (citing cases). In the absence of specific

objection, the clear weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *See, e.g.*, Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. United States Dist. Court*, 501 F.3d 196, 206 (9th Cir. 1974)).

## III. ANALYSIS

Plaintiff's counsel does not object to Magistrate Judge Schopler's reasoning in the R&R, but instead states that a stay is more appropriate than a dismissal. Plaintiff's counsel argues that the defendant will not be prejudiced by a stay and that a stay will allow Plaintiff to resume her case more easily, once she is located. (ECF No. 30 at 1.)

The procedural history summarized above demonstrates that Plaintiff has failed to advance this case and is unlikely to do so any time soon. Plaintiff's counsel has represented that he has tried to contact Plaintiff on multiple occasions over the last few months, but he has failed to speak to or locate his client, even with the help of a private investigator. The Court has no reason to believe that Plaintiff will re-engage with this case anytime soon—if at all—making a stay futile. The Court is also not amenable to making it easier for Plaintiff to re-engage in this case once she is located. The Court has already attempted to aid Plaintiff in prosecuting her claim to no avail. She has repeatedly failed to comply with the Court's previous orders, despite receiving multiple extensions, and has provided no reason for her absence. Moreover, the magistrate judge warned Plaintiff and Plaintiff's counsel that if Plaintiff did not respond to the defendant's discovery requests by December 1, 2017, which she was compelled to do, that the Court would issue an order to show cause regarding dismissal for lack of prosecution. No discovery responses were filed, nor did Plaintiff's counsel locate his client. (*See* ECF Nos. 25, 26.) Lastly, the Court finds that a stay could risk prejudice to the defendant as "[t]he law presumes injury from unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (citation omitted).

4

16cv2925

## IV. CONCLUSION & ORDER

After conducting a *de novo* review of the R&R's reasoning, the Court concludes that Judge Schopler's reasoning is sound. Accordingly, the Court **OVERRULES** Plaintiff's objections (ECF No. 30), **APPROVES AND ADOPTS** the R&R in its entirety (ECF No. 29), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's action.

IT IS SO ORDERED.

DATED: February 12, 2018

Hon. Cynthia Bashant
United States District Judge